Richard M. Garbarini
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor,
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ALEXANDER STROSS,

                        Plaintiff,

      v.

ARTISTIC CONCTRACTORS, INC.,

                        Defendant.
----------------------------------------------------------------x

Case No.: 18-cv-3787

**ECF CASE**

**COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT**

       Plaintiff ALEXANDER STROSS by and through the undersigned counsel, brings this Complaint and Jury Demand against defendant ARTISTIC CONCTRACTORS, INC. for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 ("DMCA").  Plaintiff alleges below, upon personal knowledge as to himself, and upon information and belief as to other matters so indicated.

### NATURE OF THE ACTION

    1.    Defendant copied plaintiff's copyrighted photographic image U.S. Copyright Registration No. (the "Copyrighted Image"), and distributed the image through its website.  At no time did defendant obtain a license for this use.

2. Defendant was expressly put on notice that there was no license, which defendant readily admitted.

3. Defendant's infringement satisfies the standards for enhanced damages under Section 504(c) of the Act, and plaintiff has been injured as a result of defendant's actions.

4. Defendant's abstraction of the Copyrighted Image, and removal of all identifying information from the Copyrighted Image is a violation of the DMCA.

**JURISDICTION**

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

6. This Court has *in personam* jurisdiction over the defendant because the defendant has established contacts within this Judicial District, sufficient to permit the exercise of personal jurisdiction. By publishing an infringing work on the Internet so it can be used or viewed within this Judicial District in the ordinary course of trade, defendant has additionally conducted business targeted at New York in the ordinary course of trade.

7. CPLR § 302 (a)(3) authorizes this Court to exercise jurisdiction over nondomiciliaries who commit a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if it: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

8. Defendant reproduced and distributed the Copyrighted Image through its website. This is an intentional tort (copyright infringement) committed without the state.

9. The injury was felt in this Judicial District.

10. As described above, defendant regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state.

**VENUE**

11. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c) and/or 28 U.S.C. § 1400(a).

12. Plaintiff has the right to bring the within action pursuant to 17 U.S.C. § 501(b).

13. Plaintiff's Copyrighted Image was registered prior to the alleged infringement, and satisfy the registration prerequisite under 17 U.S.C. 412(c). See **Exhibit 1**.

**PARTIES**

14. At all times material hereto, plaintiff ALEXANDER STROSS ("STROSS") was, and is, an individual residing in Austin, Tx.

15. Upon information and belief, defendant Artistic Contractors, Inc. ("ARTISTIC") was, and is, corporation with a principal place of business located at 5960 Fairview Rd, Suite 400 Charlotte, NC 2821.

**FACTS**

16. Plaintiff is a professional photographer, and is the beneficial owner of U.S. Copyright Registration VAu 1-088-759 which covers, among other things, the following image:



3

17.     Defendant ACI reproduced and distributed the Copyrighted Image on its website, see below:



18.     Defendant ACI did not have a license or authority to reproduce or distribute the Copyrighted Image.

19.     Defendant, in fact, used the Copyrighted Image to promote its business. Defendant falsely claimed it was responsible for designing the room depicted in the Copyrighted Image.

20.     Defendant was notified of the infringement, and admitted, through Drew Rivas, that it copied the Copyrighted Image and posted it on its website.

21.     Defendant's use was in reckless disregard of my client's exclusive rights pursuant to 17 U.S.C. § 106 entitling my client to enhanced damages of up to $150,000, but in no case less than $30,000 pursuant to 17 U.S.C. 504(c)(2).

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

22.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

23.     It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Image.

24. Defendant, without authority from plaintiff, reproduced, publicly displayed, and/or publicly distributed plaintiff's Copyrighted Image.

25. Defendant ACI admitted it copied and distributed the Copyrighted Image.

26. Defendant has intentionally infringed (pursuant to Section 504(c)) plaintiff's exclusive rights set forth in Section 106 of the Act, and elsewhere.

27. Defendant's use of the Copyrighted Image was not for criticism, comment, news reporting, teaching, scholarship, or research.

28. Defendant's use was not transformative.

29. Defendant elected to reproduce and distribute plaintiff's Copyrighted without a license.

30. Defendant has intentionality infringed plaintiff's rights under Section 106 of the Act.

31. Defendant failed to include information which identified the Copyrighted Image, the author of the Copyrighted Image, the owner of any right in the Copyrighted Image, or information about the terms and conditions of use of the Copyrighted Image.

32. Defendant ACI, in fact, claimed to the public it was responsible for the Copyrighted Image.

33. As a direct and proximate result of defendant's infringement, plaintiff has incurred damages, and requests an award of defendant's profits, and plaintiff's loss, plus costs, interest, and attorneys' fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF DMCA

34.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

35.     Section 1202 of the DMCA provides, in part: "(a) no person shall knowingly and with the intent to induce, enable, facilitate or conceal infringement - (1) provide copyright information that is false, or (2) distribute or import for distribution copyright management information that is false. (b) No person shall, without the authority of the copyright owner or the law - (1) intentionally remove or alter any copyright management information, [or] (3) distribute . . . works [or] copies of works . . . knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.  17 U.S.C. § 1202(a)-(b)."

36.     Copyright management information is defined as: "information which identifies the work, the author of the work, the owner of any right in the work, or information about the terms and conditions of use of the work . . . which is attached to a copy of a work or appears in connection with communication of the work to the public." S.Rep. No. 105-190 (1988), note

37.     Defendant failed to include information which identified the Copyrighted Image, the author of the Copyrighted Image, the owner of any right in the Copyrighted Image, or information about the terms and conditions of use of the Copyrighted Image.

38.     The defendant violated the DMCA each time it wrongfully distributed the Copyrighted Image.

39.     Defendant also violated section 1202 by, upon information and belief, abstracting the Copyrighted Image, removing and/or altering their anti-circumvention software.

40. Defendant did the forgoing with the intent to conceal the infringement.

41. Plaintiff elects to recover an award of statutory damages for each violation of section 1202 in the sum of not less than $2,500, or more than $25,000, per violation plus its reasonable costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants, jointly and severably, and awarding plaintiff as follows:

1. restitution of defendant's unlawful proceeds;

2. compensatory damages in an amount to be ascertained at trial;

3. statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4. reasonable attorneys' fees and costs (17 U.S.C. § 505);

5. pre- and post-judgment interest to the extent allowable;

6. such other and further relief that the Court may deem just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: April 27, 2018　　　　　　　　　　**GARBARINI FITZGERALD P.C.**
New York, New York

　　　　　　　　　　　　　　　　　　　　By: *Richard M. Garbarini*
　　　　　　　　　　　　　　　　　　　　　　Richard M. Garbarini (RG 5496)